### NATHANIEL W. DAVIS v. LAMOILLE COUNTY PLANK ROAD COMPANY.

*Liability of plank road companies for the want of repair of their roads.*

Plank road companies which derive a revenue from the use of their road by travellers, are directly liable to those travellers for injuries occasioned by the want of repair of their roads, without any express statutory provision imposing such a liability.

Distinction between the liability of railroad, turnpike and plank road corporations, in this respect, and that of towns, considered and stated.

If the 'plank road is constructed over a public highway in pursuance of an arrangement made between the plank road company and the town in which such highway is situated,— the plank road company and not the town is liable for injuries arising from its insufficiency.

ACTION ON THE CASE to recover for injuries occasioned by the insufficiency and want of repair of the defendants' plank road in the town of Stowe. Plea, the general issue, trial by ———— 1854, —PECK, J., presiding.

The plaintiff offered in evidence the defendant's act of incorpor-

ation,* and a vote of the town of Stowe† in relation to the defendant's constructing their road over the public highway in the town of Stowe,—and the terms and conditions thereof,—and offered to prove that the defendants accepted said terms and conditions, and, in pursuance thereof, built and had used and taken toll on said road some three years, and that the said plank road was out of repair. The defendants insisted that the action could not be maintained, and the county court so ruled. Exceptions by the plaintiff.

*Gleed* and *Redfield,* for the plaintiff.

I. Turnpike and other private corporations, in which the public have an interest, are liable, at common law, to individuals for misfeasance or nonfeasance. *Maund* v. *Monmouthshire Canal-Co.,* 4 Man. & Gran. 452. *Thayer* v. *City of Boston,* 19 Pick. 511. *Mathews* v. *Winooski Turnpike Co.,* 24 Vt., 480. *Riddle* v. *Proprietors of Merrimac Locks and Canals,* 7 Mass. 188. *Lord* v. *Mass. Turnp. Co.,* 16 Mass., 106. *Mower* v. *Leicester,* 9 Mass., 247. *Sheldon* v. *Fairfax,* 21 Vt., 102. *Watson* v. *Lisbon Bridge,* 2 Shep. 201.

II. The plank road company, having occupied the public way, are liable by the force of the contract with the town of Stowe, and, by relation to answer such damages as the town would be liable to answer if the highway had not been occupied by the defendants.

*Dillingham* for the defendants.

The defendants' charter does not make them liable for injuries arising from the defects of their road. They are not a turnpike corporation within the meaning of §6 of ch. 25 of the Comp. Stat.

At common law, an action cannot be sustained against a town or county for injuries arising from defects in roads which they are bound to keep in repair. 2 Term 667. *Baxter* v. *Winooski Turnpike Co.,* 22 Vt. 114.

Where the statute makes a town liable—the liability cannot, by contract, be turned over upon another, or by a statutory enactment enjoining upon another the same duty. *Willard* v. *Newbury,* 22 Vt. 458. *Batty* v. *Duxbury,* 24 Vt. 155.

---

*For the provisions of this act, see Laws of 1849, p. 78.

† The purport of this vote does not appear in any of the papers which came into the hands of the reporter.

The opinion of the court was delivered, at the circuit session in September, by

REDFIELD, CH. J. I. There is certainly a very important distinction between the liability of towns for damages accruing to travellers, by reason of defects in the highways within their limits, and that of turnpike and other corporations, who derive a revenue from the use of their roads by travellers. In the former case, the support of the road is a mere burden upon the towns, without any corresponding equivalent. The traveller pays no consideration for the use of the road. It is no advantage to the town to have the roads used by travellers. So that in this case there is, properly speaking, no privity, by way of a quasi contract between the traveller and the town. In such case it has been, with great propriety, held that the duty of the town to indemnify travellers for losses, in consequence of defects in the highways, cannot be extended beyond the positive enactments of the statute. The duty of towns is, in such case, altogether statutory, and of a public character, and in the absence of special provision, there exists only the common remedy for similar neglects, by indictment.

But in the case of corporations created for the purpose of maintaining a road for their own advantage, to be compensated by means of tolls collectable of all who use the road, the case is very different. In such case, the liability to pay tolls is a consideration for the undertaking on the part of the corporation to furnish a safe road for the use of the traveller, as an equivalent. It is the same, in principle, as any other case where service is performed for pay. There is an implied undertaking, resulting from the general rules of law applicable to similar subjects, that the person undertaking such service, whether it be a natural or artificial person, shall perform it faithfully, and in case of failure shall respond to the party thus paying his money, by way of damages, as an equivalent. The cases cited in argument by counsel confirm this view. Indeed the liability of such corporations, as the defendants, is more analogous to that of a railroad, who undertake to carry for fare, which is but another name for toll, than to the liability of towns. And it was never doubted, that railroads are liable for all damage accruing to travellers, by reason of defects in their road, or in its management. We do not understand the counsel to question the soundness of this distinction.

II. But it is claimed that the plaintiff's remedy is against the town of Stowe. But, it seems to us, there is no just analogy between the cases which have been decided by this court in regard to the liability of towns for not keeping their highways in safe condition when interfered with by railroads, and the present case, where the highway is superseded by a plank road, which is intended to take the place of the highway. In such a case it would seem absurd to require a town to see to it, that the plank road was kept in repair, when they could not, if they would, maintain their highway after the opening of the plank road, as that would be an infringment of the rights granted to the plank road of taking tolls. And if it could be maintained, which we think it could not, that the town of Stowe were liable for giving up their highway before the defendants had built a proper plank road, it would not excuse defendants, after opening their road and taking tolls. It seems to us, therefore, that the defendants are liable so far as any question is made in the exceptions; and the judgment is reversed and the case remanded.